42 U.S.C.S. Subsection 1983
and 42 U.S.C.S. Subsection 1985
Civil Suit

In the United States District Court

For the District of Rhode Island
(Form mailed January 17, 2007)

Michael G. Keselica

Enter above the full name of the plaintiff in this action.

CA 07 026 ML

v.

Civil Action No. ______________

Donald L. Carcieri, Governor of Rhode Island
Patrick Lynch, Attorney General of Rhode Island
John Corrigan, Assistant Attorney General of Rhode Island
Timothy Kaine, Governor of Virginia
and
Raymond Morrogh, Deputy Commonwealth Attorney for Fairfax County, Virginia

Enter above the full name of the defendant or defendants in this action.

1. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes ☑ No ☐

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs: Michael Keselica

Defendants: Donald Carcieri
Patrick Lynch

2. Court (if federal court, name the district; if state court, name the county):

U.S. District Court for the District of Rhode Island

3. Docket number: CA 06-490 S

4. Name of judge to whom case was assigned: Magistrate Judge David Martin

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
Case dismissed on December 26, 2006 NO

6. Approximate date of filing law suit: November 21, 2006

7. Approximate date of disposition: December 26, 2006

II. Place of Present Confinement: Adult Correctional Institution, Cranston, Rhode Island

A. Did you present the facts relating to your complaint to the Warden or any of the prison officials? Yes ☐ No ☑

B. If your answer is YES:

1. What steps did you take? N/A

2. What was the result? N/A

C. If your answer is NO, explain why not: The Warden and/or prison officials do not have jurisdiction over the facts related to my complaint.

III. Parties

(In item A below, place your name in the first blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff Michael Keselica

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, position, and places of employment of any additional defendants.)

B. Defendant Donald L. Carcieri is employed as Governor for the State of Rhode Island at The State House, Providence, RI.

C. Additional Defendants: Patrick Lynch, Attorney General for the State of Rhode Island
John Corrigan Assistant A.G. for the State of RI
Timothy Kaine, Governor for the Commonwealth of Virginia, The State House, Richmond, Virginia
Raymond Morrogh, Deputy Commonwealth Attorney for Fairfax County, Virginia

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary.)

On June 4, 2004, Plaintiff successfully contested extradition to Virginia, while in Maryland and was released on a Writ of Habeas Corpus. One of the habeas claims raised by Plaintiff was the fact that the Requisition Affidavit submitted by the Office of the Commonwealth Attorney for Fairfax County, Virginia, specifically Deputy Commonwealth Attorney Raymond Morrogh, which then generated Virginia's Requisition Warrant and Maryland's Rendition Warrant was based on perjured affirmations. Specifically, the Requisition Affidavit states that:

(1) This is the first time that a requisition application has been submitted for the extradition return of Plaintiff. Not true. A requisition affidavit was submitted on July 3, 2001.

(2) Plaintiff was in the demanding state during the commission of his crime. Not true. It was the Office of the Commonwealth Attorney for Fairfax County Virginia who argued at Plaintiff's

(continued on attached sheets)

V. Relief

State briefly exactly what you want the court to do for you. (Make no legal arguments. Cite no cases or statutes.)

Order Rhode Island Governor Carcieri and Virginia Governor Kaine to conduct an investigation on the merits of Plaintiff's assertion that Governors Carcieri and Kaine were induced to sign their Governor's Warrants based on criminal representations from a perjured requisition affidavit; to further order Rhode Island Governor Carcieri to accord Plaintiff a Governor's extradition hearing on Plaintiff's civil rights assertions; to order the FBI to investigate Plaintiff's complaint of civil rights violations by Defendants Carcieri, Kaine, Lynch, Corrigan and Morrogh and to award Plaintiff actual damages for lost wages of $23,100 (as of January 17, 2007); attorney fees of $19,500 (as of January 17, 2007); filing fees of $850 (as of January 17, 2007) and punitive damages of $100,000,000.

trial that even though Plaintiff was never present in Virginia to commit his crime, Virginia had jurisdiction because harm occurred in Virginia from Plaintiff's actions. This Office of the Commonwealth Attorney continued this argument all the way to the U.S. Supreme Court.

(3) Plaintiff is wanted back in Virginia for a Violation of Probation Show Cause hearing. Not true. Plaintiff is wanted back to Virginia to finish serving a 7 year sentence on an August 16, 2004 Bench Warrant.

On June 3, 2006, Plaintiff's Mother passed away in Newport, Rhode Island, consequently, Plaintiff moved back to Rhode Island to care for his elderly father and on August 3, 2006, Plaintiff was stopped by a Rhode Island State Trooper for a lane violation and a NCIC check revealed Virginia's same fugitive warrant. Plaintiff was arrested again as a fugitive from justice (4th time) from Virginia and again contested extradition (3rd time).

On August 21, 2006, Plaintiff wrote to Virginia Governor Timothy Kaine, advising the Governor that a requisition application would be forthcoming from the Office of the Commonwealth Attorney for Fairfax County, Virginia to extradite Plaintiff from Rhode Island to Virginia. Plaintiff further stated to Governor Kaine that a previous requisition application from that same office on February 19, 2004 contained perjured affirmations and that this forthcoming requisition application may also contain perjured affirmations, specifically, the fact that the Commonwealth Attorney may again state, and has stated previously, that:

"No other application has been made for a requisition for the said fugitive growing out of the same transaction herein alleged."

(actually the 3rd such application), among other perjured affirmations.

On August 25, 2006, Plaintiff then wrote to Rhode Island Governor Donald Carcieri and advised the Rhode Island Governor that a Requisition Warrant would be forthcoming from the Commonwealth of Virginia for the extradition of Plaintiff and Plaintiff further apprised Rhode Island Governor Carcieri that Virginia's Requisition

Warrant would be based on perjured affirmations, as it was for Virginia's requisition-extradition request, to Maryland, for Petitioner, in 2004. Plaintiff requested a Governor's Extradition Hearing to set forth these facts in tandem with any investigation by the Office of the Attorney General for Rhode Island, as requested by the Office of the Governor of Rhode Island. The response back to Plaintiff from RI Governor Carcieri's Executive Counsel, after consulting with the Attorney General's Office, was that there was nothing that the Governor could [or would] do.

On October 5, 2006, Plaintiff was served with Rhode Island Governor Carcieri's Rendition Warrant and, with it, Virginia's Requisition Documents. True to Plaintiff's word, Virginia's Governor's Requisition Warrant was issued based on a perjured requisition affidavit from the Office of the Commonwealth Attorney for Fairfax County, Virginia, specifically that:

> "No other application has been made for a requisition for the said fugitive growing out of the same transaction herein alleged."

among other perjured affirmations.

On October 18, 2006, a hearing was held on Plaintiff's Motion for Bail in the Superior Court for Kent County, Rhode Island. Plaintiff's Motion was denied by that Court based, in whole, on misrepresentations made by the Office of the Attorney General for Rhode Island, following, in suit, the perjured affirmations made by Virginia in their Requisition Affidavit.

On October 20, 2006, Plaintiff submitted to the Office of the Governor of Rhode Island, Plaintiff's request to "Recall Governor's Warrant". Plaintiff tried one final time to get the Governor to react positively and responsibly to avoid his Office from furthering Virginia's criminal and prejudicial actions towards Plaintiff. Plaintiff took this course of action as extradition is an executive function - not a judicial function, therefore, Plaintiff attempted to exhaust his executive remedies before pursuing this inevitable course of action in the federal courts in an attempt to regain those civil rights denied Plaintiff by the negligence and misrepresentations made by the defendants, as stated above

and below.

Defendants Rhode Island Governor Donald Carcieri's [Governor's] Rendition Warrant and Virginia Governor Timothy Kaine's Requisition Warrant are violating, and have violated, Plaintiff's civil rights, based on the Governors' willfull failure to acknowledge perjured requisition documents from Virginia, as well as misrepresentations made by Defendant Morrogh to Defendants Carcieri and Kaine and by Defendants Lynch and Corrigan to Defendant Carcieri and to the Rhode Island Courts, in furthering Virginia's criminal extradition actions.

Plaintiff is being unfairly, unjustly and unconstitutionally treated because he is not only labeled a fugitive from justice but because he has been falsely classified and incarcerated as a fugitive from justice based on perjured affirmations and fraudulent misrepresentations, in violation of Plaintiff's civil rights.

## CLAIM I

The Eighth Amendment to the U.S. Constitution prohibits cruel and unusual punishment and excessive bails and fines. Plaintiff's Eighth Amendment rights have been violated by both Defendants - Rhode Island Governor Donald Carcieri, Virginia Governor Timothy Kaine, Rhode Island Attorney General Patrick Lynch, Rhode Island Assistant Attorney General John Corrigan and Deputy Commonwealth Attorney Raymond Morrogh.

Based on Defendant Morrogh's perjured affidavit, submitted first to Virginia Governor Kaine, in the issuance of his Governor's Requisition Warrant and then to Defendants Carcieri, Lynch and Corrigan, Plaintiff is currently being subjected to cruel and unusual punishment - his imprisonment, the denial of his liberty, as a result of perjured requisition documents submitted by Virginia and negligently and intentionally overlooked by Defendants Governors Carcieri and Kaine, relying on the advice of the other Party Defendants to this case, Patrick Lynch, John Corrigan and Raymond Morrogh, despite Plaintiff's repeated attempts to alert Defendants Carcieri and Kaine to these perjured documents from

Virginia and misrepresentations made by Defendants Lynch and Corrigan to Defendant-Carcieri and the Rhode Island Courts and by Defendant Morrogh to Defendant Kaine and the Rhode Island Courts.

The furtherance of these constitutional violations was made possible by Defendant Kaine, who was alerted in advance to this criminal act by Defendant Morrogh, from a letter submitted to Defendant Kaine on August 21, 2006, by Plaintiff, in advance of his receipt of the perjured requisition affidavit by Defendant Morrogh but who did nothing to prevent its injury to Plaintiff.

Furthermore, Plaintiff was not only denied excessive bail but was denied bail due, in whole, to misrepresentations made to the Rhode Island Courts by Defendants Lynch and Corrigan on Virginia's intentionally malicious and criminal actions.

CLAIM II

The Fifth Amendment to the U.S. Constitution states that no person will be placed in double jeopardy and that neither life, liberty nor property may be taken without due process of law. Plaintiff's right to due process of law in re-securing his liberty was denied Plaintiff thru the misrepresentations made by Defendants Lynch, Corrigan and Morrogh to the Rhode Island Courts in furthering the deceit and fraudulent misrepresentations initiated by Virginia, resulting in Plaintiff's continued incarceration.

Defendant Morrogh intentionally violated Plaintiff's Fifth Amendment rights when he lied on his requisition affidavit that this is the first time that he has submitted a requisition application to the Office of the Governor for my extradition (among other perjured affirmations; It was the third time and Plaintiff even raised this issue at his habeas extradition hearing on June 4, 2004 which resulted in Plaintiff's release. This was done intentionally and maliciously by this Party Defendant to first get Virginia Governor Kaine to actually issue his Governor's Warrant but then to purposely circumvent any res judicata, collateral estoppel or double jeopardy violation, first to the Virginia Governor, then to the Rhode Island Courts

and finally to avoid any criminal liability.'

Furthermore, as all parties to Plaintiff's extradition proceeding are well aware of, Plaintiff is being exposed to the constitutionally violative principle of double jeopardy - this is Plaintiff's third extradition proceeding under the same indictment, the second in which Plaintiff is "in jeopardy."

Nevertheless, these Party Defendants have allowed Plaintiff to remain incarcerated - thus violating Plaintiff's right to avoid double jeopardy, pursuant to the Fifth Amendment, despite Plaintiff's repeated efforts to alert these Party Defendants to this "right" violation.

CLAIM III

Plaintiff is being deprived of the equal protection of the law pursuant to the Fourteenth Amendment due, in part, to his classification as a fugitive from justice and with it Plaintiff's arrest and detention under Defendant Carcieri's Governor's Warrant and also due, in part, to intentional misrepresentations by Defendants Lynch, Corrigan and Morrogh.

Due to the fact that Plaintiff is labeled a fugitive from justice, albeit falsely, as Plaintiff proved "beyond any doubt" at his June 4, 2004 habeas extradition proceeding, Plaintiff is being deprived of his Fourteenth Amendment entitlement to the equal protection of the law due to the constitutionally violative actions, or inactions, of Defendants Carcieri, Kaine, Lynch, Corrigan and Morrogh.

Defendant Morrogh committed a crime by submitting a perjured Requisition Affidavit to Defendant Kaine. After being warned of this fact by Plaintiff (see letter dated August 21, 2006), Defendant Kaine furthered the commission of this crime and with it the violation of Plaintiff's rights protected by the Fourteenth Amendment across state lines by sending his Governor's Warrant (generated by the perjured requisition affidavit) and the perjured requisition affidavit

' It is a crime in Virginia to restrain someone of their liberty after he has been discharged in the same proceeding on a Writ of Habeas Corpus.

across state lines to Defendant Carcieri, which was then again furthered by Defendants Carcieri, Lynch and Corrigan.

Crimes were committed and furthered by these Party Defendants in arresting and incarcerating Plaintiff. Thus, Plaintiff was denied the equal protection of the laws of this country. Plaintiff was not protected at all and it was the violation of these laws which injured Plaintiff and Plaintiff has been falsely labeled a fugitive from justice by all these Party Defendants.

Plaintiff further alleges that Governors Kaine and Carcieri violated Plaintiff's civil rights by failing to verify if Plaintiff's civil rights violation warnings were valid.

Plaintiff further charges that Defendants Morrogh, Lynch and Corrigan displayed criminal negligence, fraud, deceit and malicious conduct in seeking the wrongful extradition of Plaintiff as a fugitive from justice from Virginia.

Defendant Morrogh has violated 42 U.S.C. subsection 1985 by conspiring with the asylum state, Rhode Island, and Defendants Lynch and Corrigan with the demanding state, to interfere with and deprive Plaintiff of his civil rights and privileges as a citizen of the United States.

Defendants Carcieri, Kaine and Lynch have known, or should know by now (Defendant Morrogh has known all along), that Plaintiff's current restraint is due to perjured statements made by the Office of the Commonwealth Attorney for Fairfax County, Virginia and the resulting failure of both these Defendants to properly address Virginia's criminal actions in seeking to extradite Plaintiff is inexcusable, negligent and criminal. These Defendants have intentionally denied Plaintiff the non-criminal and non-prejudicial due process they would hopefully accord other citizens of this state, due solely to the fact that Plaintiff has been labeled a fugitive from justice from another state, in this case the Commonwealth of Virginia

CLAIM IV

All five Party Defendants are guilty of violating Plaintiff's Fourth Amendment

right against a false and illegal arrest, as cited above and below.

Defendant Morrogh swore out a perjured affidavit which generated Defendant Kaine's Governor's Requisition Warrant for the arrest in Rhode Island of Plaintiff, despite Plaintiff's letter to Defendant Kaine alerting this Governor to a potential perjured affidavit crossing his desk for signature. Defendant Carcieri then issued his Governor's Warrant for the arrest of Plaintiff based on the requisition documents submitted by Virginia for the extradition of Plaintiff—i.e., Defendant Morrogh's perjured requisition affidavit and Defendant Kaine's Governor's Warrant.

Defendants Lynch and Corrigan furthered Plaintiff's Fourth Amendment arrest violation by misrepresenting to both Defendant Carcieri and the Rhode Island Courts that Virginia's requisition documents were valid any misrepresentation was a "clerical mistake".

## CONCLUSION

Plaintiff's fundamental rights of citizenship have been violated because Plaintiff has been falsely classified/labeled a fugitive from justice when the facts presented to these Defendants proved otherwise and consequently the resulting malicious behavior towards Plaintiff by these Defendants.

Governors Carcieri and Kaine should have held a hearing or conducted an investigation to determine if Plaintiff's warnings were valid. These Governors chose not to. In so doing, they subjected Plaintiff to the violation of his civil rights when due diligence on the part of Defendants Carcieri and Kaine would have avoided subjecting Plaintiff to the deprivation of these rights.

The Office of the Attorney General for Rhode Island (Specifically Defendants Lynch and Corrigan) has displayed gross negligence, fraud, deceit and malicious conduct in prosecuting Plaintiff despite the fact that these Defendants know full well the illegality of this extradition proceeding against Plaintiff based on criminal representations by Virginia (specifically Defendant Morrogh).

Most importantly, Defendants Lynch and Corrigan have not only failed to notify Defendant Carcieri and the Rhode Island Courts of these criminal facts but these Defendants have purposely hidden these facts in conspiring with the demanding state in Plaintiff's extradition proceeding to cover up

Virginia's illegal actions or misrepresented the weight of Virginia's perjured affirmations by audaciously labeling these criminal acts by Virginia as a "clerical mistake."

As a result of these negligent and intentionally deceitful actions by Defendants Carcieri, Kaine, Lynch, Corrigan and Morrogh, Plaintiff has been exposed to a violation of:

1. 42 U.S.C.S. subsection 1983 – Plaintiff's false imprisonment and illegal detention based on an initiation of prosecution based on perjured affirmations; and
2. 42 U.S.C.S. subsection 1985 – Defendants Lynch and Corrigan have conspired with the demanding state, Virginia, to interfere with and deprive Plaintiff of his [civil] rights and privileges as a citizen of the United States of America but, most importantly, these deprivations of Plaintiff's civil rights, pursuant to subsection 1985, is due to the fact that Plaintiff falls into a class of Americans with no rights – convicted felons.

VI. Note:

Should you fail to execute and return this form within ten days from the date of mailing as recorded on page 1, this Court will conclude you have abandoned your claim and will dismiss your petition.

Signed this 17th day of January , 2007.

[signature]
Signature of plaintiff

Michael Keselica #131867
P.O. Box 8249
Cranston, RI 02920
Complete address of plaintiff