**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MICHAEL KESELICA**

v. C.A. No. 07 - 026 ML

**DONALD L. CARCIERI**, Governor of Rhode Island, **PATRICK LYNCH,** Attorney General of Rhode Island, **JOHN CORRIGAN**, Assistant Attorney General of Rhode Island, **TIMOTHY KAINE**, Governor of Virginia, and **RAYMOND MORROGH**, Deputy Commonwealth Attorney for Fairfax County, Virginia.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Confined at the Adult Correctional Institutions in Cranston, Rhode Island, *pro se* plaintiff Michael Keselica filed a Complaint pursuant to 42 U.S.C. § § 1983 & 1985 and named as defendants Donald L. Carcieri, the Governor of Rhode Island, Patrick Lynch, Rhode Island's Attorney General, John Corrigan, a Rhode Island state prosecutor, Timothy Kaine, Virginia's Governor, and Raymond Morrogh, a Virginia state prosecutor. The claims in the Complaint stem from Virginia's on-going attempt to extradite the plaintiff to that jurisdiction. Plaintiff's allegations in his Complaint are as follows:

Plaintiff alleges on August 3, 2006, a Rhode Island State Police Trooper stopped him for a traffic violation. During the traffic stop, the Trooper discovered that the plaintiff was wanted by the Virginia authorities and the plaintiff was detained. Plaintiff thereafter appeared before a state court judge and was ordered held without bail, pending his extradition to Virginia. Plaintiff, however, is

currently contesting his extradition in the Rhode Island state courts, alleging that the warrant of arrest lodged by Virginia is not valid.

Plaintiff filed suit here seeking relief. Plaintiff alleges that his detention at the Rhode Island Department of Corrections based upon the alleged faulty arrest warrant issued by Virginia violates his rights under 42 U.S.C. §§ 1983 and 1985. As relief, plaintiff seeks, *inter alia*, monetary damages.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; See also 28 U.S.C. § 1915(e)(2). Pursuant to this directive, this Court finds that the instant Complaint fails to state a claim upon which relief can be granted.

A prisoner in state custody cannot use 42 U.S.C. § 1983 or § 1985 to challenge "the fact or duration of his confinement." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Indeed, an inmate's civil rights claim "is barred (absent prior invalidation)– no matter the relief sought ..., no matter the target of the prisoner's suit ...– if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74 (2005).

Here, any determination by this Court in this proceeding that the arrest warrant is not valid, or that plaintiff's rights are being violated during his on-going extradition proceedings in state court, would necessarily call into question the validity of those proceedings, any conviction obtained by either Rhode Island or Virginia, or, any period of confinement imposed. That is something this Court can not do here. See id. Thus, plaintiff's Complaint should be dismissed in its entirety.

For the reasons set forth above, I recommend that plaintiff's Complaint be dismissed. Any objection to this report and recommendation must be specific and must be filed with the Clerk of

objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. See Fed.R.Civ.P.72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
January 30, 2007