UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL G. KESELICA,
Plaintiff

v. CA 07-026 ML

DONALD L. CARCIERI, et al
Defendants

PLAINTIFF'S OBJECTION TO SENIOR UNITED STATES MAGISTRATE JUDGE JACOB HAGOPIAN'S JANUARY 30, 2007 REPORT AND RECOMMENDATION

NOW COMES Plaintiff, Michael G. Keselica, pro se, and objects to Senior U.S. Magistrate Judge Jacob Hagopian's January 30, 2007 Report and Recommendation and in support thereof states the following:

On January 30, 2007, this Court issued its Report and Recommendation, recommending that Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted. Specifically, this Court opinioned that:

> "any determination by this Court in this proceeding that the arrest warrant is not valid, or that plaintiff's rights are being violated during his on-going extradition proceedings in state court would necessarily call into question the validity of those proceedings, any conviction obtained by either Rhode Island or Virginia, or, any period of confinement imposed. That is something this Court cannot do here."

Before proceeding forward, it is Petitioner's understanding that, pursuant to U.S. Supreme Court case law, motions, actions, etc. submitted by pro se litigants are to be liberally construed.

Petitioner has stated in his complaint that a perjured [requisition] affidavit (among other civil rights violative issues) submitted by a Virginia prosecutor has

resulted in the violation of Petitioner's civil rights.

As relief from such action, Petitioner sought, among other things, an order from this Court compelling either Rhode Island Governor Carcieri or Virginia Governor Kaine, or both, to conduct a hearing on the merits of Petitioner's complaint, as they both may pursuant to state extradition law – see R.I.G.L. 12-9-5.

Petitioner is challenging the fact [among other facts] that there was not a process available to Petitioner to confront misstatements of fact before the respective Governors signed off on their Governors Warrants, resulting in Petitioner's civil rights injury. Such defect in the extradition process would have been negated [as well as the violations of Petitioner's civil rights] by a preliminary investigative hearing by these respective Governors. Such is Petitioner's relief sought – akin to a Franks Hearing (See Franks v. Delaware, 438 U.S. 154 (1978)).

Since Petitioner's civil rights were violated during this extradition proceeding, Petitioner requests this Court to remand Petitioner's extradition case back to Governor Carcieri for an investigative hearing pursuant to R.I.G.L. 12-9-5 to determine if Petitioner's civil rights were violated by misstatements of fact made by Deputy Commonwealth Attorney Raymond Morrogh, Assistant Rhode Island Attorney General John Corrigan and Rhode Island Attorney General Patrick Lynch.

As such, Senior Magistrate Judge Jacob Hagopian erred in dismissing Petitioner's civil rights action by failing to properly adjudicate and match the relief sought by Petitioner to the respective civil rights violations complained of and for misinterpreting the reason why Petitioner was seeking the relief sought. Petitioner was not challenging the fact or duration of his confinement but the failure of the Rhode Island and Virginia Governors to heed Petitioner's civil rights violation complaints before, during and after they occurred.

These civil rights violations can still be remedied by a Governor's Extradition Hearing – the relief sought by Petitioner.

Respectfully submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February, 2007 a copy of the foregoing was mailed postage paid first class to the Office of the Attorney General, 150 S. Main Street, Providence, RI 02903.

[signature]

Michael Keselica