UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL G. KESELICA,<br>Plaintiff<br><br>v.<br><br>DONALD L. CARCIERI, et al<br>Defendants | ) | CA 07-026 ML |

PLAINTIFF'S SUPPLEMENTAL OBJECTION TO SENIOR UNITED STATES MAGISTRATE JUDGE JACOB HAGOPIAN'S JANUARY 30, 2007 REPORT AND RECOMMENDATION

NOW COMES Plaintiff, Michael G. Keselica, pro se, and supplements his February 5, 2007 Objection to Senior U.S. Magistrate Judge Jacob Hagopian's January 30, 2007 Report and Recommendation in the above captioned case with the following:

1. Haines v. Kerner, 404 U.S. 519, 520 (1972) requires federal courts to hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers. The Haines standard is applied to complaints containing specific allegations of unconstitutional conduct.

Plaintiff is alleging specific allegations of unconstitutional conduct by these Party Defendants.

2. In Ross v. Meagan, 638 F.2d 646 (3rd Cir., 1981), the U.S. Court of Appeals for the Third Circuit stated:

"We do not read the complaint as a 'challenge to the fact or duration of confinement.' Appellants seek an award of damages, not release from their current confinement."

Plaintiff also seeks an award of damages, not release from his current confinement.

3. "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release, the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy. Accordingly, a damages action by a state prisoner could be brought under the Civil Rights Act." Preiser v. Rodriguez, 411 U.S. at 494, 93 S. Ct. at 1838.

Therefore, Plaintiff has properly brought this action under 42 U.S.C.S. subsection 1983.

4. Finally, as farther stated in Ross v. Meagan:

"Nor do we read the complaint as limited to the failure to hold a hearing to determine whether there was probable cause to detain the appellants pending further proceedings, as required by Gerstein v. Pugh, 420 U.S. 103 (1975). Generally construed, the complaint alleges, in addition to the denial of a probable cause hearing, that appellees conspired to deny appellant's constitutional rights, that they intentionally and maliciously denied appellants due process in their extradition hearings, and that they knowingly violated the Extradition Act. Contrary to the determination of the district court, paragraph 7 of the complaint does allege that Governor Shapp "Knew, that (appellants) were being illegally arrested and detained without probable cause," and that he acquiesced in this illegal conduct by failing to act. If appellants can establish these allegations as facts at a trial, unlikely though that may seem, they may be entitled to relief under subsection 1983. The legal points raised by the complaint are at least "arguable on their merits."

The facts of this paragraph are identical to Plaintiff's current complaint before this Court and are therefore actionable and cognizable in a 42 U.S.C.S. subsection 1983 suit.

It befuddles and pains me to find a recent U.S. Supreme Court case, Wilkinson v. Dotson, 544 U.S. 74 (2005), which clearly is on point with the federal habeas exception to my complaint, which thus allows me to file a 1983 suit, yet for which this Court inexplicably overlooked.

As the U.S. Supreme Court affirmed in Wilkinson:

> "Success for Dotson does not mean immediate release or a shorter stay in prison; it means at most new eligibility review, which may speed consideration of a new parole application."
>
> "Success for Johnson means at most a new parole hearing at which parole authorities may, in their discretion, decline to shorten his prison term. Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus."

The relief sought by Plaintiff is a Governor's Investigative Extradition Hearing which is permissible under R.I.G.L. 12-9-5 – it does not mean my immediate release or spell a speedier release, nor do any of Plaintiff's other claims for relief.

WHEREFORE, for the facts presented in Plaintiff's February 5, 2007 objection and this February 7, 2007 Supplemental Objection, the Magistrate's Report and Recommendation lies in error and begs for reversal and reinstitution by a U.S. District Court Judge.

Respectfully submitted,

[signature]

Michael Keselica
#131867

P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February, 2007, a copy of the foregoing was mailed postage paid firstclass to the Office of the Attorney General, 150 So. Main Street, Providence, RI 02903.

[signature]

Michael Keselica